In re Estate of Juan Rabassa.—Alfonso Vega, Administrator and Appellant, v. José Feliciano, Creditor and Appellee.

No. 5046.   Argued April 10, 1930.—Decided March 13, 1931.

José Sabater for appellant.   Oscar Souffront for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Bernard L. Levy, creditor of Juan Rabassa, deceased, made application to the District Court of Mayagüez for the

appointment of a judicial administrator. The latter took possession of certain effects of the deceased and sold them under the direction of the court. Sometimes before the action of Bernard L. Levy, José Feliciano, another creditor, brought suit against the succession of Rabassa, and obtained an attachment on the goods subsequently sold by the judicial administrator. Feliciano intervened in the administration proceeding and set up facts to show a preference. The district court found in favor of the preference of Feliciano, and ordered the administrator not to pay out any money until the preference of Feliciano was paid. The first assignment is to the effect that the court erred in holding that the administrator acted illegally in taking possession of and selling the effects that belonged to Rabassa. We do not see that the court held that the administrator illegally sold and took possession of the goods. The final order simply prevents the administrator from paying out any money until the preference of Feliciano was paid. One of the points of the appellants is that Feliciano, through his attorney, took part in the administration and inventory and acted as expert or assessor in valuing the goods and was one of the bidders at the sale, all without a protest on his part, and that the claim of Feliciano was not mentioned. The idea, apparently, is that Feliciano consented to the administration. We agree with the appellee that the foregoing exposition of the acts or failures of Feliciano belongs rather to the second assignment of error. Discussing the error somewhat as the appellant assigned it, we may say that in the first instance probably no one knew the value of the estate, and Feliciano did not find it necessary to take any action until the auction sale was made. He may have assumed that he was covered by the lien of his attachment. The court below held, appellee maintains, and this seems to be the law, that a judicial administration does not act like an adjudication in bankruptcy, nor is there anything to cause a pro-rata distribution among

934

creditors (*prorrateo*). In the majority of the cases there is an assumption that the estate is solvent.

The second assignment of error sets up, in effect, that Feliciano was estopped by his acts from claiming a preference. As partially indicated before, we find nothing in the record to sustain this contention. Feliciano had a right to assume that the administrator would proceed according to the law and pay a preferred debt. We can not see it makes any difference that the marshal or the administrator was put to some trouble by the silence or non-action of Feliciano. Neither the officials of the court nor the creditors were placed in a worse situation than would have arisen if Feliciano had insisted upon his preference earlier in the proceedings. No such insistence was necessary.

We find no estoppel and no error in the action of the court, and the order appealed from will be affirmed.